## THE KANSAS CITY, FORT SCOTT & GULF RAILROAD COMPANY v. O. F. HINES.

AGREED STATEMENT OF FACTS; *Error.* Where an agreed statement of facts is of doubtful interpretation, and does not contain the statement that the case is submitted to the court upon the facts so agreed, and one of the parties thereto and the trial court interpret it as permitting the introduction of evidence to establish some facts in issue by the pleadings, *held,* the only material error committed in impaneling a jury to try the case, and in receiving evidence, was the disadvantage at which the opposing party was placed in being unprepared to disprove the evidence submitted because of his view as to the conclusiveness of the agreed statement.

### *Error from Bourbon District Court.*

ACTION by *Hines* against the *Railroad Company,* to recover the value of plaintiff's cow, alleged to have been killed by the defendant. Trial at the September Term, 1882, of the district court, before E. F. W., judge *pro tem.* presiding, and a jury. Verdict for plaintiff for $39.41 damages. Defendant's motion for judgment on the special findings made by the jury, and its motion for a new trial, were each overruled. Judgment on the verdict for the plaintiff, and against the defendant, which brings the case to this court.

*Wallace Pratt,* and *Blair & Perry,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: The writer of this is of the opinion that after the agreed statement of facts had been signed and filed by the parties it embraced all facts in issue, and that the sole question below was a question of law; and that was, whether on the agreed facts the law attached negligence to the railroad company. A majority of the court, however, differ from this conclusion, and are of the opinion that, as there was no agreement to submit the case to the court below upon the agreed statement of facts, and as the plaintiff below never understood he was relieving the railroad company of the imputation of negligence, in signing the agreed statement, and as the second paragraph of the agreed statement is of doubtful interpretation, and as the district court interpreted it as not establishing the precise manner in which the animal was killed, and therefore permitted evidence to be introduced to show this fact and the negligence of the company connected therewith, the only error committed was in taking the railroad company at a disadvantage under its view of the conclusiveness of the agreed statement of facts. With the interpretation entertained of this agreed statement by the counsel of the company, it was seemingly unprepared to disprove the evidence introduced; therefore a new trial should be granted.

The majority of the court do not fully agree in the reasons for the conclusions, but as the members constituting the majority are of the opinion that upon a new trial the court below may rightfully permit the introduction of evidence upon the issue of negligence of the railroad company, it is unnecessary to set forth their individual views in the premises.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.